170 So.2d 149 (1964)
William WATSON, Plaintiff-Appellant,
v.
MID-CONTINENT AERIAL SPRAYERS, INC., et al., Defendants-Appellees.
No. 10314.
Court of Appeal of Louisiana, Second Circuit.
December 14, 1964.
Rehearing Denied January 7, 1965.
Writ Refused February 23, 1965.
*150 McHenry, Snellings, Breard, Sartor & Shafto, Monroe, for appellant.
Trousdale & Oliver, Davenport, Farr & Kelly, Oliver, Digby & Fudickar, Monroe, for appellees.
Before HARDY, AYRES and BOLIN, JJ.
BOLIN, Judge.
Plaintiff seeks damages in the sum of $7,404 for the death and depreciation in value of his cattle allegedly caused by a fire ant poison, known as heptachlor, which he claims was unlawfully and negligently allowed to settle on his pasture. Made defendants are Columbian Carbon Company (which contracted for aerial spraying of the poison to be done on its land adjoining that of plaintiff), the contractor, Mid-Continent Aerial Sprayers, Inc., and the latter's liability insurer. Other defendants originally named, including Ueding Flying Service, its insurers and the Louisiana Department of Agriculture and Immigration were dismissed from the proceedings on exceptions to the jurisdiction. From judgment rejecting plaintiff's demands against the remaining defendants, he appeals.
Plaintiff contends Columbian and Mid-Continent are joint tort-feasors liable in solido for the sickness and death of his cattle. The primary basis of Columbian's alleged liability is under LSA-Civil Code Article 667, generally providing for a landowner's liability without fault for certain damages caused to his neighbor's property. Mid-Continent's alleged liability is predicated upon the fact that in the spraying operation it negligently discharged some of the poison on plaintiff's pasture thereby causing the death of 31 and the illness of 69 of Watson's cattle. Alternatively plaintiff alleges the applicability of the doctrine of res ipsa loquitur thereby seeking to shift the burden to Mid-Continent to exonerate itself from liability for the damages.
The district judge assigned excellent written reasons for his conclusions, wherein he outlined the testimony of the numerous witnesses who appeared before him. He also gave a learned and correct statement of the law applicable to the facts. He concluded that in order to impose strict liability as to Columbian under LSA-Civil Code Article 667 or rely on res ipsa loquitur as to Mid-Continent, it was prerequisite for plaintiff first to prove the alleged dangerous instrumentality (heptachlor) caused the damages. On this crucial point he concluded the evidence preponderated in favor of defendants.
Counsel for appellant strenuously urges in brief and oral argument before this court that the district judge fell into grievous error both in his appreciation of the law and the facts. However, after a painstaking review of the voluminous record before us, we find ourselves in agreement with the conclusion reached by our esteemed colleague below. On the question of whether the evidence justifies a finding that the heptachlor caused the damage to plaintiff's cattle, we deem it unnecessary to outline the testimony of the many witnesses.
Appellant's evidence was generally to the effect that granules of heptachlor were found on his premises; that a number of his cattle became sick immediately after the poison was deposited on his land; that the symptoms of the sick and dead cattle were consistent with poisoning and that his cattle in an adjoining pasture not exposed to the poisoning did not become sick or die.
Defendants, on the other hand, offered, the testimony of innumerable expert witnesses *151 that heptachlor would not cause death or sickness to cattle and that fatty tissue from the deceased cattle had been examined without detecting a trace of heptachlor. We feel plaintiff has failed to show by a preponderance of evidence the death and illness of the animals was caused by heptachlor, which was the dangerous substance or instrumentality alleged to have caused such damages.
Plaintiff contends that strict or absolute liability applies to one who uses poison and unlawfully or negligently allows it to get on the property of others, and cites the following cases: Doucet v. Texas Company, 205 La. 312, 17 So.2d 340 (1944); Hammond Ranch Corporation v. Dodson, 199 Ark. 846, 136 S.W.2d 484 (1940); Southwestern Bell Telephone Company v. Smith, 220 Ark. 223, 247 S.W.2d 16 (1952).
Appellant also urges the applicability of the doctrine of res ipsa loquitur if the following be established: (1) The accident which damaged plaintiff was caused by an agency or an instrumentality within the actual or constructive control of defendant; (2) The accident is of a kind which ordinarily does not occur in the absence of negligence; (3) The evidence as to the true explanation of the accident is more readily accessible to the defendant than to the plaintiff. Several cases are cited as authority for the above statement, among which is Northwestern Mutual Fire Association v. Allain, 226 La. 788, 77 So.2d 395, 49 A.L.R.2d 362 (1955).
We do not question either of the two general principles of law cited by appellant. It must be conceded that he who negligently injures another must make recompense whether liability is based upon the proof of specific acts of negligence or arises by the application of certain rules of evidence.
We must acknowledge that certain cases in our jurisprudence have fixed liability upon a landowner for damages to his neighbor caused by the use of his own land even in absence of negligence under LSA-Civil Code Article 667. We also readily concede that our jurisprudence has recognized the use of evidentiary approaches and expressions such as "res ipsa loquitur", "absolute liability" or "dangerous instrumentalities", but in all such cases the court found the facts of the particular case merited the application of the doctrine.
Whatever language, doctrine or legal principle is relied upon, the court in each case must ultimately come face to face with the issue of burden of proof and proximate cause. We must not become so obsessed with the application of legal theories or common-law doctrines that we forget the primary principle of law that the plaintiff must prove he was damaged by some act of defendant. Whether liability be determined to be under LSA-Civil Code Article 667 or by reason of the proper application of res ipsa loquitur, it is elementary that the plaintiff prove by a preponderance of evidence the alleged instrumentality did in fact cause the damage.
We think the trial judge met the question head-on in the instant case. He ruled the dangerous instrumentality was the fire ant poison, heptachlor; and that before plaintiff could recover under any theory of law he had first to prove the damage to the cattle was caused by heptachlor. After carefully analyzing the evidence the lower court found plaintiff had not met the burden of proof. This is a factual question and our examination of the evidence leads us to the same conclusion.
In this court there was filed an alternative motion to remand the case for the taking of the testimony of Dr. Vail, a veterinarian. We have examined the affidavit filed with the motion and have concluded the motion should be overruled. Conceding, for the sake of argument, that Dr. Vail would testify as outlined in the affidavit, we do not think this would change the outcome of the case. To the contrary, *152 considering Dr. Vail's affidavit together with the other evidence tendered by plaintiff, we conclude Watson has failed to prove his case by a preponderance of evidence.
For the reasons assigned the judgment appealed from is affirmed at appellant's costs.
Affirmed.